# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. 6:11-CR-116-1** |
| | § | |
| **JOSE ELEAZAR GAMAZ** | § | |

## REPORT & RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On October 30, 2012, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Jose Eleazar Gamaz. The government was represented by Bill Baldwin, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Ken Hawk.

Defendant originally pled guilty to the offense of Failure to Register Under the Sex Offender Registration and Notification Act, a Class C felony. The offense carried a statutory maximum imprisonment term of 10 years. The United States Sentencing Guideline range, based on a total offense level of 10 and a criminal history category of V, was 21 to 27 months. On June 26,2012, District Judge Leonard Davis sentenced Defendant to 9 months imprisonment followed by 5 years of supervised release subject to the standard conditions of release, plus special conditions to include (1) financial disclosure; (2) substance abuse testing and treatment; (3) sex offender treatment; (4) no contact with minors; (5) prohibition from possessing, or viewing materials involving sexually explicit conduct; (6) search conditions; and (7) electronic prohibitions. On August 20, 2012, Defendant completed the term of imprisonment and began his term of supervised release.

Under the terms of supervised release, Defendant was required to notify his probation officer ten days prior to any change of residence or employment. In its petition, the government

alleges that Defendant violated his term of supervised release when he moved from his reported address without notifying his probation officer.

If the Court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by failing to notify the probation officer ten days prior to any change of residence, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). The Court may then revoke supervised release or extend the term of supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of V, the Guideline imprisonment range for a Grade C violation is 7 to 13 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated they had come to an agreement to resolve the petition whereby Defendant would plead true to the allegations set forth above. In exchange, the government agreed to recommend that Defendant serve 7 months with no supervised release to follow.

Pursuant to the Sentencing Reform Act of 1984, and the agreement of the parties, the Court **RECOMMENDS** that Defendant Jose Eleazar Gamaz be committed to the custody of the Bureau of Prisons for a term of imprisonment of 7 months with no supervised release to follow. The Court further **RECOMMENDS** that the place of confinement be FCI Seagoville, Texas.

Defendant has waived his right to object to the findings of the Magistrate Judge in this matter so the Court will present this Report and Recommendation to District Judge Leonard Davis for adoption immediately upon issuance.

**So ORDERED and SIGNED this 31st day of October, 2012.**

2

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE